IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DEWAYNE THIBODEAUX<br>(TDCJ No. 1539087),<br><br>Petitioner,<br><br>V.<br><br>LORIE DAVIS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:19-cv-541-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Paul Dewayne Thibodeaux, a Texas prisoner, filed a *pro se* motion requesting that this closed action be reopened [Dkt. No. 13] (the "Motion").

United States District Judge Sam A. Lindsay referred the Motion to the undersigned United States magistrate judge for hearing, if necessary, and for the submission of proposed findings and recommendations for its disposition. *See* Dkt. No. 14.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent that Thibodeaux seeks to reopen this action to add new claims, the Court should construe the Motion as an unauthorized successive petition and deny it for lack of jurisdiction without prejudice to Thibodeux's seeking authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

The undersigned further recommends that the Court direct the Clerk of the

Court to open for statistical purposes a new Section 2254 case and to close the same on the basis of any order accepting or adopting these findings, conclusions, and recommendation.

Thibodeaux's initial Section 2254 petition was denied as time-barred. *See Thibodeaux v. Davis*, No. 3:16-cv-2149-M, 2017 WL 6761923 (N.D. Tex. Aug. 31, 2017), *rec. accepted*, 2017 WL 6761768 (N.D. Tex. Sept. 18, 2017). Since that denial, he has filed more than one successive Section 2254 application. *See, e.g.,* Dkt. No. 3; *Thibodeaux v. Davis*, No. 3:19-cv-1980-B-BK, 2019 WL 5790519 (N.D. Tex. Oct. 18, 2019), *rec. accepted*, 2019 WL 5789394 (N.D. Tex. Nov. 5, 2019). And, in this action, the Fifth Circuit denied him authorization to file a successive petition. *In re Thibodeaux*, No. 19-10585 (5th Cir. July 10, 2019) [Dkt. No. 12].

Through the Motion, Thibodeaux requests that the Court reinstate this action (as well as others he has filed) to allow him to press claims that he is actually innocent and that there were errors and mistakes in the proceedings leading to his state conviction (for aggravated robbery with a deadly weapon). *See* Dkt. No. 13.

The Motion cites no grounds to reopen this case, but Rule 60(b) provides an avenue to reopen judgments in a habeas proceeding. *See, e.g., Dunn v. Cockrell*, 302 F.3d 491 (5th Cir. 2002) (per curiam); *see also Gamboa v. Davis*, 782 F. App'x 297, 299 (5th Cir. 2019) (per curiam) ("Rule 60(b) allows a party to seek relief from a final judgment 'under a limited set of circumstances including fraud, mistake, and newly discovered evidence,'" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), or 'any other reason that justifies relief,' FED. R. CIV. P. 60(b)(6).").

> When presented with a Rule 60(b) motion in a habeas proceeding, the district court must first determine whether the motion is, in reality, a second or successive habeas petition, which can only be brought if a court of appeals first certifies that it meets the requirements of § 2244(b)(2). A Rule 60(b) motion is a successive petition if it "advances one or more claims" by "seek[ing] to add a new ground for relief" or "attack[ing] the previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. However, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532). [Courts in this circuit construe] these exceptions narrowly to include "[f]raud on the habeas court" or "erroneous previous ruling[s] which precluded a merits determination," such as the denial of a petition for "failure to exhaust, procedural default, or statute-of-limitations bar." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (internal quotation marks omitted). *But see Crutsinger v. Davis*, 929 F.3d 259, 265-66 (5th Cir. 2019) (a Rule 60(b) motion attacking the district court's denial of funding under 18 U.S.C. § 3599(f) in the first federal habeas proceeding was not a successive habeas petition); *Clark v. Davis*, 850 F.3d 770 (5th Cir. 2017) (an allegation of federal habeas counsel's conflict of interest attacked a defect in the integrity of habeas proceedings).

*Gamboa*, 782 F. App'x at 299-300 (footnote omitted).

Through the Motion, Thibodeaux seeks to add new (or re-litigate denied) claims for relief. Either attempt "is the definition of a successive claim." *In re Edwards*, 865 F.3d 197, 204-05 (5th Cir. 2017) (per curiam) ("The Rule 60(b) motion seeks to re-open the proceedings for the purpose of adding new claims. This is the definition of a successive claim.").

Thus, because the Motion is actually a successive habeas petition in disguise, Thibodeaux's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) before filing it "acts as a jurisdictional bar to the district court's asserting

jurisdiction over [it] until [the Fifth Circuit grants him] permission to" pursue the claims in the Motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

And, given Thibodeaux's history of filing unauthorized successive habeas petitions, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

**Recommendation**

Because Petitioner Paul Dewayne Thibodeaux's *pro se* motion requesting that this closed action be reopened [Dkt. No. 13] seeks substantive habeas relief, the Court should construe it is an unauthorized successive habeas application and deny it without prejudice to Thibodeaux's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to United States District Judge Sam A. Lindsay and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

Case 3:19-cv-00541-L-BN    Document 15    Filed 02/18/20    Page 5 of 5    PageID 46

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE