IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAUL DEWAYNE THIBODEAUX,** **#1539087,** | § § § | |
| Petitioner, | § § | |
| v. | § | Civil Action No. **3:19-CV-541-L** |
| | § | |
| **LORIE DAVIS, Director** **Texas Department of Criminal Justice,** **Correctional Institutions Division,** | § § § § | |
| Respondent. | § | |

## ORDER

On February 18, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 15) was entered, recommending that court deny Petitioner's Motion to Reopen ("Motion") (Doc. 13) this habeas corpus action. Petitioner's habeas petition in this case was previously construed as successive and transferred to the United States Court of Appeals for the Fifth Circuit. The magistrate judge recommends that the court construe Petitioner's current Motion to reopen this action to add new claims as an unauthorized successive habeas petition and deny it for lack of jurisdiction without prejudice to his seeking authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application. The magistrate judge further recommends that the court direct the clerk of the court to open for statistical purposes a new Section 2254 case and close the new case. No objections to the Report were filed by Petitioner.

When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. After considering the Motion, pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **construes** Petitioner's Motion (Doc. 13) to reopen this action to add new claims as an unauthorized successive habeas petition and **denies without prejudice** the Motion for lack of jurisdiction. If Petitioner wishes to pursue the new claims in his Motion, he must first seek and obtain authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application. The court also **directs** the clerk of the court to open for statistical purposes a new Section 2254 case and close the new case.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. In support, the court finds that Petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[*] In the event of an appeal, Petitioner may proceed *in forma pauperis*.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**Order – Page 2**

**It is so ordered** this 2nd day of June 2020.

_____
Sam A. Lindsay
United States District Judge

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**